UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LOUIS GAMBARO,

        *Plaintiff,*

  -against-

LONG ISLAND RAILROAD COMPANY,

        *Defendant.*

-------------------------------------------------------

LONG ISLAND RAILROAD COMPANY,

        *Third Party Plaintiff,*

  -against-

CROWN EQUIPMENT CORPORATION
and CROWN LIFT TRUCKS,

        *Third Party Defendants.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 7, 2015

13 Civ. 4893 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Third Party Defendant Crown Equipment Corporation d/b/a Crown Lift Trucks ("Crown") moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), to dismiss the Long Island Railroad Company's ("LIRR") Third Party Complaint on the grounds that LIRR is not entitled to contribution, defense, or indemnification from Crown. The motion is denied.

1

## BACKGROUND

Plaintiff Louis Gambaro ("Gambaro") claims he was injured on September 17, 2012, while performing his duties as a car mover for the LIRR, when he was struck by an EZ-GO utility vehicle. Complaint ¶¶ 3-5; Third Party Complaint ¶¶ 7-9, 12. The vehicle was under a Blanket Purchase Order for preventive maintenance and remedial repair by Crown. Third Party Complaint ¶ 14. Under this Blanket Purchase Order, LIRR determined the frequency of maintenance inspections of the vehicle. Crown 56.1 Statement ¶¶ 13-17. According to Crown's technician assigned to inspect the vehicle, Crown determined the procedures that its technicians were to follow during these inspections. LIRR 56.1 Statement ¶ 21; Deposition of Carlos Romero at 86:2-10, McGrath Decl. Ex. C. A visual inspection of the vehicle following the accident revealed that the accelerator pedal was visibly stuck, and that the entire pedal mechanism was failing and had to be replaced. *See* Romero Dep. at 53:12-24, 84:21-86:10; LIRR 56.1 Statement ¶¶ 15-17. Prior to the accident, the vehicle functioned properly. Crown 56.1 Statement ¶¶ 30, 60.

On July 24, 2013, Gambaro sued LIRR for his injuries under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.* Dkt. 1. On November 1, 2013, LIRR filed its third party action, alleging four causes of action against Crown: common law indemnification, statutory contribution, contractual indemnification, and indemnification as a named Additional Insured under Crown's general liability insurance policy. Third Party Complaint ¶¶ 7-26. Gambaro's claims are to be tried to a jury.

2

## DISCUSSION

### I. Applicable Law

"Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A fact is material if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.* The moving party bears the initial burden of producing evidence on each material element of its claim or defense demonstrating that it is entitled to relief. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court resolves all ambiguities and draws all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### II. Analysis

Crown argues that it is entitled to summary judgment on all of LIRR's claims because LIRR must show that it was not solely responsible for Gambaro's injury. Crown Mem. at 14-18. Crown asserts that LIRR has not put forth any facts that demonstrate negligence on the part of Crown or any other third party. *Id.* at 18-24. Since LIRR determined the frequency of Crown's maintenance checks, and because the vehicle was used without issue until the occurrence, Crown argues LIRR cannot advance a negligent maintenance or repair claim. *Id.* at 20.

The argument must be rejected. LIRR has demonstrated facts to suggest that Crown may have been negligent. LIRR has provided evidence that the accelerator pedal of the vehicle was visibly sticking to the floor and has asserted that Crown was negligent in failing to observe this

in its inspection of the vehicle. *See* LIRR 56.1 Statement ¶¶ 16-17. While Crown argues that LIRR must point to some facts demonstrating that a reasonably prudent technician would have found the defect during a regularly scheduled inspection, LIRR has done just that. Crown Reply at 3. LIRR has provided testimony regarding the fact that the defect was outwardly visible to the technician following the accident. While Crown disputes the importance of this fact, *id.* at 4, LIRR's evidence is sufficient to defeat Crown's summary judgment motion. A question of fact for the jury exists: whether Crown's technician was negligent in failing to observe the accelerator pedal's defects and whether Crown's procedures for performing maintenance inspection were negligent. LIRR's evidence that Crown was negligent in failing to observe the defect in the accelerator pedal during its routine maintenance inspection creates a genuine issue of material fact which the jury must decide.

Crown argues that LIRR should be precluded from arguing that Crown's negligence was responsible for the accident because it has not put forth expert testimony on the subject. Crown Mem. at 21-24. This argument is without merit. Expert testimony is not needed for a jury to determine whether failing to lift a vehicle in order to fully observe the condition of its accelerator pedal assembly constitutes negligence or whether Crown's inspection was otherwise negligent. Crown's reliance on *Baez v. Delta Airlines, Inc.*, 2014 WL 1407673 (S.D.N.Y. 2014), is misplaced. The technical and mechanical fact questions in *Baez* were far more specialized and sophisticated than those at issue here. In that case, moreover, the expert involved failed to provide testimony regarding the causation of the accident. *Id.* at *4-5 n.6. On the facts presented here, expert testimony is not necessary for the jury to understand the evidence at trial, and the lack of expert testimony does not preclude the introduction of evidence that Crown was negligent.

4

LIRR agrees that its fourth cause of action, its claim for indemnification as an additional insured under Crown's general liability insurance, should be dismissed. LIRR Mem. at 8.

Crown has failed to show that there is no genuine issue of material fact regarding its negligence. It is for the jury to determine whether Crown was negligent and therefore whether LIRR is entitled to contribution, defense, or indemnification.

## CONCLUSION

For the foregoing reasons, Crown's motion for summary judgment is denied, except that LIRR's fourth cause of action against Crown is dismissed. The Clerk of Court is directed to terminate the motion at Docket Number 26.

Dated: New York, New York  
   January 7, 2015

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge